United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES CARL KELLY,

    Plaintiff,

v.

T. ALLEN, et al.,

    Defendants.

Case No. 23-cv-00966-JST

**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**

Re: ECF Nos. 2, 4

Plaintiff, an inmate at California State Prison – Sacramento, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, regarding events at Salinas Valley State Prison, where he was previously housed. He has requested leave to proceed *in forma pauperis*. ECF Nos. 2, 4. For the reasons set forth below, the Court orders Plaintiff to show cause why his requests for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g).

**DISCUSSION**

Plaintiff is a frequent litigant. Plaintiff has filed at least fourteen civil rights cases in this district. *See, e.g., Kelly v. Gates*, C No. 22-cv-03451 JST; *Kelly v. Atenly, et al.*, C No. 22-cv-02915 JST; *Kelly v. Allen*, C No. 22-02719 JST; *Kelly v. Warden of Salinas Valley State Prison*, C No. 22-cv-02647-JST; *Kelly v. Quintero et al.*, C No. 21-cv-5127 JST; *Kelly v. Salinas Valley State Prison, et al.*, C No. 21-cv-04498 JST; *Kelly v. Paredes et al*, C No. 20-cv-08987 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3138 SI; *Kelly v. Wood, et al.*, C No. 19-cv-3086 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3084 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-0125 SI; *Kelly v. Warden, et al.*, C No. 19-cv-0046 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-0045 SI; and *Kelly v. Sullivan, et al.*, C No. 18-cv-6386. He has also filed a number of cases in the Eastern District of California.

In C Nos. 22-cv-03451 JST, 22-cv-02915 JST, 22-cv-02719 JST, 22-cv-2647 JST, 20-cv-08987 SI, 19-cv-3138 SI, 19-cv-3084 SI, 19-cv-0125 SI, 19-cv-0046 SI, 19-cv-0045 SI, Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

**A.     28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

**B.     Prior Strikes**

A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Kelly v. Sao*, E. D.

Cal. No. 18-cv-484 DAD (dismissed for failure to state a claim); (2) *Kelly v. Elit*, E. D. Cal. No. 18-cv-019 DAD (dismissed for failure to state a claim); and (3) *Kelly v. Gyorky*, E. D. Cal. No. 11-cv-2142 WBS (dismissed for failure to state a claim and failure to prosecute when plaintiff did not file amended complaint curing deficiencies identified in initial complaint). The Court has reviewed these cases and find that these cases constitute strikes within the meaning of Section 1915(g).

**C.      Complaint**

Plaintiff commenced this action by handing his complaint to prison authorities for mailing on or about February 21, 2023. ECF No. 1 at 30. In the caption, Plaintiff names the following defendants: Warden T. Allen, Dr. Michael Yeh, nurse Patrick Gullien, office Sampolo, Nurse Bivans, and psychiatric doctor Howe. ECF No. 1 at 1. In Section II of the complaint, Plaintiff names the following additional defendants: D3 Facility Floor 1 officer Carrillo, Investigative Service Unit ("ISU") K9 Officer B. Duran, ISU officer Franco, OSU officer Deslaurier, officer Hernandez, officer Martinez, and officer J. Parks. Plaintiff states that all defendants work at Salinas Valley State Prison. ECF No. 1 at 2.

The complaint makes the following allegations.

On November 23, 2021, Plaintiff was assaulted by defendant Gullien. On July 23, 2022, Plaintiff was again assaulted by defendant Gullien, whom Plaintiff knows from "the outside." Defendant Gullien had a pen in his right hand and swung it at Plaintiff, hitting Plaintiff's left eye. Plaintiff jumped and grabbed defendant Gullien's sleeves. Defendant Gullien backed away with Plaintiff holding on. Defendant Sampolo grabbed Plaintiff, but Plaintiff had already let go of defendant Gullien. Defendant Sampolo and Plaintiff both fell to the ground. As Plaintiff lay on the ground, defendant Gullien hit Plaintiff three to four times with a broom handle and then began to shove the boom handle between Plaintiff's buttocks. Plaintiff lay there until officers came to cuff him. The officers kicked him while he lay on the ground, handcuffed him, carried him to the gym, and then hit again in the back right side. Plaintiff asked to see a doctor concerning his injuries and to see someone from the Prison Rape Elimination Act ("PREA"), but his requests were denied. Defendant Howie also denied Plaintiff's request for medical attention and for PREA

people.

On July 27, 2022, Plaintiff was "taken care of by [defendant] Doctor Michael Yeh." On July 28, 2022, defendant nurse Bivans called him up but made him wait until 3:00 p.m. to be seen even though the pass said 10:45 a.m.

Plaintiff seeks compensation for sexual abuse, mental stress, assault, denial of medial help, and denial of PREA people. Plaintiff seeks the court's assistance in investigating his claims.

**D.  Analysis**

The complaint does not allege that Plaintiff is in imminent danger of serious physical injury. Plaintiff references events that happened in 2021 and 2022 at Salinas Valley State Prison, where he is no longer housed. At the time that Plaintiff filed this complaint, he was, and continues to be, housed at California State Prison – Represa. In light of the dismissals of three prior actions on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because it does not appear that Plaintiff was under imminent danger of serious physical injury when he filed this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of this order, why his *in forma pauperis* application should not be denied. In the alternative, he may pay the full filing fee of $402.00 by the deadline.

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his requests for leave to proceed *in forma pauperis*, ECF Nos. 2, 4, should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. In the alternative, he may pay the $402.00 filing fee in full. Failure to respond in accordance with this order may result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: April 13, 2023

_____
JON S. TIGAR
United States District Judge

4