UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. ALLEN, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00966-JST<br><br>**ORDER DENYING REQUEST FOR EXTENSION OF TIME; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; REQUIRING FILING FEE IN FULL; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF Nos. 4, 6, 8 |

Plaintiff, an inmate at California State Prison – Sacramento, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. On April 13, 2023, the Court ordered Plaintiff to show cause why his request for leave to proceed *in forma pauperis* (ECF No. 4) should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g). ECF No. 5. Plaintiff has filed a letter that *inter alia* requests an extension of time to file his response to the Order to Show Cause, ECF No. 6; a declaration in support of his motion to proceed *in forma pauperis*, ECF No. 7; and a request for appointment of counsel, ECF No. 8. For the reasons set forth below, the Court DENIES Plaintiff's request for an extension of time to reply to the Order to Show Cause, ECF No. 6; DENIES Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 4; DENIES Plaintiff's request for appointment of counsel, ECF No. 8; and ORDERS Plaintiff to pay the filing fee in full in order to proceed with this action.

**DISCUSSION**

**I.     PLRA's Three Strikes Provision**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was

1  enacted, and became effective, on April 26, 1996.  The PLRA provides that a prisoner may not

2  bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the

3  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

4  an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous,

5  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

6  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "[T]he imminent danger

7  exception to the PLRA three-strikes provision requires a nexus between the alleged imminent

8  danger and the violations of law alleged in the complaint."  *Ray v. Lara*, 31 F.4th 692, 695 (9th

9  Cir. 2022).

## II.  Analysis

In the Court's April 13, 2023 Order to Show Cause, the Court found that Plaintiff had at least three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Kelly v. Sao*, E. D. Cal. No. 18-cv-484 DAD (dismissed for failure to state a claim); (2) *Kelly v. Elit*, E. D. Cal. No. 18-cv-019 DAD (dismissed for failure to state a claim); and (3) *Kelly v. Gyorky*, E. D. Cal. No. 11-cv-2142 WBS (dismissed for failure to state a claim and failure to prosecute when plaintiff did not file amended complaint curing deficiencies identified in initial complaint).  ECF No. 5 at 2-3.  The Court also found that the complaint did not allege that Plaintiff was in imminent danger of serious physical injury at the time he filed this action, February 21, 2013, because he sought relief for events that occurred in 2021 and 2022, while he was housed at Salinas Valley State Prison, where he is no longer housed.  ECF No. 5 at 3-4.

Plaintiff has since filed three pleadings: ECF Nos. 6, 7, 8.

In ECF No. 6, Plaintiff states that his complaint misidentified the date of the incident, which occurred on July 28, 2022, not July 23, 2022, and that he is requesting camera footage from the D1-Clinic hallway and the D-1 holding cell, that will show the sexual abuse, excessive force, and assault that he suffered.  Plaintiff also requests an extension of time to May 10, 2023, to respond to the Order to Show Cause, stating that he is uncertain if the papers he is sending are appropriate for the court, and that he only recently was granted access to the law library.  He asks

1    that the Court send him what he needs to respond. ECF No. 6. Plaintiff's request for an extension
2    of time to respond to the Court's Order to Show Cause is DENIED as moot because ECF No. 7
3    constitutes a response to the Order to Show Cause. The Court DENIES Plaintiff's request for
4    video footage. The Court cannot conduct discovery on behalf of litigants. The Court DENIES
5    Plaintiff's request for guidance on responding to court orders. The Court cannot provide legal
6    advice to litigants.

7    In ECF No. 7, which Plaintiff titled, "Declaration In Support Of Motion to Proceed *In
8    Forma Pauperis*," Plaintiff states that he has not worked with a pay number since April 7, 1996;
9    that this case holds merit because it is the second time he has been sexually abused, with the first
10   instance of sexual abuse – rape – proven in Ninth Circuit C No. 2:08-cv-ct-01823 CTF, *Kelly v.
11   California Medical Facility*, and *Kelly v. Dr. Sogge*; and that he is afraid that his life is in danger.
12   ECF No. 7. The Court construes this filing as a response to the Court's Order to Show Cause.
13   Plaintiff's lack of funds is irrelevant as to whether he may proceed *in forma pauperis* under
14   Section 1915(g). Plaintiff's conclusory statement that he is afraid for his life does not plausibly
15   allege that Plaintiff was in imminent danger of serious physical injury at the time the complaint
16   was filed. Accordingly, Plaintiff's request to proceed *in forma pauperis*, ECF No. 4, is DENIED
17   because, as set forth in the Court's April 13, 2023 Order to Show Cause, Plaintiff has suffered
18   three "strikes" within the meaning of Section 1915(g), and the complaint does not plausibly allege
19   that Plaintiff was in imminent danger of serious physical injury on February 21, 2013, when the
20   complaint was filed. *See generally* ECF No. 5.

21   In ECF No. 8, Plaintiff requests appointment of counsel on the grounds that he is unable to
22   afford counsel; that his imprisonment will greatly limit his ability to litigate; that the issues
23   involved in the case are complex and will require significant research; that he can only access the
24   law library once a week; that he is on heavy medication from a heart disease and is a high-risk
25   heart patient; that he has limited knowledge of the law; that he is an eighth grade level "graduate;"
26   that a trial in this case will likely involve conflicting testimony and counsel would better enable
27   Plaintiff to present evidence and cross-examine witnesses; and that he has made repeated efforts to
28   obtain a lawyer without success. ECF No. 8.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances. At this stage in the litigation, Plaintiff's likelihood of success on the merits is unclear is not clear, and there is no indication that the issues are complex. This denial is without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require, i.e., if this case proceeds to trial.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES as moot Plaintiff's request for an extension of time to respond to the Court's April 13, 2023 Order to Show Cause. ECF No. 6. The Court DENIES Plaintiff's request for appointment of counsel. ECF No. 8.

2. The Court DENIES Plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). ECF No. 4. Plaintiff may proceed with this action only if he pays the $402 filing and administrative fee in full. Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this order. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to Plaintiff re-filing upon payment of the full filing fee.

//
//
//
//

4

This order terminates ECF Nos. 4, 6, 8.

**IT IS SO ORDERED.**

Dated: May 25, 2023



JON S. TIGAR
United States District Judge