UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES CARL KELLY,<br><br>                    Plaintiff,<br><br>          v.<br><br>T. ALLEN, et al.,<br><br>                    Defendants. | Case No. 23-cv-00966-JST<br><br><br>**ORDER VACATING JUDGMENT AND REOPENING ACTION; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate housed at California State Prison - Sacramento, filed the instant *pro se* civil rights action under 42 U.S.C. § 1983.  For the reasons set forth below, the Court VACATES the May 25, 2023 Order denying Plaintiff leave to proceed *in forma pauperis*, ECF No. 9; VACATES the August 2, 2023 Order Denying Request for Reconsideration of Denial of In Forma Pauperis Status; Dismissing Action for Failure to Pay Filing Fee in Full, ECF No. 15; VACATES the August 2, 2023 judgment, ECF No. 16; directs the Clerk to REOPEN this action; and DISMISSES the complaint with leave to amend.

## BACKGROUND

On or about March 3, 2023, Plaintiff filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding events at Salinas Valley State Prison, where he was previously housed.  ECF No. 1.  On April 13, 2023, the Court ordered Plaintiff to show cause why he should not be denied leave to proceed *in forma pauperis* pursuant to 42 U.S.C. 1915(g).  ECF No. 5.  On April 13, 2023, the Court found that Plaintiff had the following three strikes within the meaning of Section 1915(g): (1) *Kelly v. Sao*, E. D. Cal. No. 18-cv-484 DAD; (2) *Kelly v. Elit*, E. D. Cal. No. 18-cv-019 DAD; and (3) *Kelly v. Gyorky*, E. D. Cal. No. 11-cv-2142 WBS.  ECF No. 5 at 2-3.  The Court also found that Plaintiff was not in imminent danger of serious physical injury as the complaint

1  concerned events that happened in 2021 and 2022 at Salinas Valley State Prison, and Plaintiff was

2  no longer housed there.  ECF No. 5 at 4.

3       On May 25, 2023, after considering Plaintiff's responses to the April 13, 2023 Order to

4  Show Cause, the Court denied Plaintiff leave to proceed *in forma pauperis*, based on the findings

5  made in its April 13, 2023 Order.  ECF No. 9.  The Court ordered Plaintiff to pay the filing fee in

6  full in order to proceed with this action.  *Id.*

7       On August 2, 2023, the Court denied Plaintiff's request for reconsideration of the Court's

8  denial of his request to proceed *in forma pauperis*, and dismissed the action for failure to pay the

9  filing fee in full.  ECF No. 15.  The Court entered judgment against Plaintiff that same day.  ECF

10  No. 16.  Plaintiff appealed.  ECF No. 13.

11      On December 20, 2023, the Ninth Circuit found that this Court erred in denying Plaintiff

12  leave to proceed *in forma pauperis* based on the cases identified in the May 25, 2023 Order,

13  vacated this Court's May 25, 2023 and August 2, 2023 orders and judgment; and remanded the for

14  further proceedings consistent with its Order:

> This court has reviewed appellant's motion to proceed in forma
> pauperis on appeal (Docket Entry No. 7) and the district court
> record.
>
> On May 25, 2023, the district court denied appellant's motion to
> proceed in forma pauperis.  The district court found that the Prison
> Litigation Reform Act's "three strikes" provision barred appellant
> from maintaining his action in forma pauperis.  *See* 28 U.S.C.
> § 1915(g).
>
> In concluding that appellant had three strikes, the district court relied
> on three prior district court cases. One of these cases, *Kelly v. Sao*,
> No. 1:18-cv-484-DAD-EPG (E. D. Cal. Oct. 16, 2018) (dismissing
> federal claims for failure to state a claim, declining jurisdiction over
> state law claims) does not appear to be a strike under this court's
> authority. *See Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019)
> (district court's refusal to exercise supplemental jurisdiction over
> state-law claims does not qualify as a strike).
>
> Accordingly, we vacate the district court's May 25, 2023 and
> August 2, 2023 orders and judgment and remand for further
> proceedings consistent with this order.
>
> All pending motions are denied as moot.

ECF No. 17.

**DISCUSSION**

## I.     Vacate Orders and Reopen Action

In accordance with the Ninth Circuit's December 20, 2023 Order, the Court VACATES the May 25, 2023 Order denying Plaintiff leave to proceed *in forma pauperis*, ECF No. 9; the August 2, 2023 Order Denying Request for Reconsideration of Denial of In Forma Pauperis Status; Dismissing Action for Failure to Pay Filing Fee in Full, ECF No. 15; and the August 2, 2023 judgment, ECF No. 16.  The Clerk is directed to REOPEN this action.

## II.    Screening Complaint

### A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

United States District Court
Northern District of California

United States District Court
Northern District of California

### B.    Complaint

The complaint names as defendants the following Salinas Valley State Prison ("SVSP") correctional officials: Warden T. Allen; doctor Micheal Yeh; nurse Patrick Gullien; custody officer Sampolo; nurse Bivans; psychiatric doctor Howie; D3 Facility floor officer R. Carrillo; Investigative Service Unit ("ISU") officers B. Duran, A. Franco, and R. Salgado; and officers T. Des Laurier, L. Hernandez, Martinez, and J. Parks.

The complaint makes the following allegations.  Plaintiff knows defendant nurse Gullien from "the outside world."  Defendant Gullien does not like Plaintiff and has been trying to harm Plaintiff.  On November 23, 2021, defendant Gullien assaulted Plaintiff when Plaintiff called "man down" for having chest pains.  On July 27, 2022, Plaintiff was seen by defendant Yeh and had his medical needs addressed.  Yet he was scheduled for a medical appointment on July 28, 2022, despite there being no need for an appointment.  On July 28, 2022, defendant Bivans waited until 3:00 p.m. to call Plaintiff for his appointment even though the pass said 10:45 a.m.  His appointment was delayed because they were waiting until everyone who might step in was leaving.  At the appointment, defendant Gullien again assaulted Plaintiff as follows.  Defendant Gullien swung his right hand at Plaintiff, with a pen in his hand, and it hit the side of Plaintiff's left eye.  Plaintiff jumped up.  Defendant Gullien tried to run out of the room but ran into the open door frame, which brought defendant Gullien back to facing Plaintiff.  Plaintiff reached out and grabbed defendant Gullien's sleeves.  Defendant Gullien started backing away into the hallway, with Plaintiff still holding on to defendant Gullien's sleeves.  Defendant Sampolo arrived and grabbed Plaintiff, causing Plaintiff to let go of defendant Gullien.  In doing so, defendant Sampolo fell backwards, and both Plaintiff and defendant Sampolo fell on the floor.  Defendant Gullien came and sat between Plaintiff's legs and began to hit Plaintiff three to four times with a small broom handle, and then started to push the handle between Plaintiff's buttocks.  Plaintiff lay still until another officer arrived.  Plaintiff was kicked by an officer as he lay on the ground.  Officers handcuffed Plaintiff from behind, lifted him up, and carried him to the gym.  Plaintiff was hit in his back right side.  The officers witnessing these events did not react.  Plaintiff was then placed in a cell and the handcuffs removed.  A nurse came.  Plaintiff was seen by prison psychologist

Howie, who denied Plaintiff's request to be seen by a doctor and by the Prison Rape Elimination Act people.  Plaintiff has been falsely accused of battering defendants Gullien and Sampaolo.

### C.   Dismissal with Leave to Amend

The complaint suffers from the following deficiencies.

First, the complaint does not state a claim against defendants Warden T. Allen; D3 Facility floor officer R. Carrillo; Investigative Service Unit ("ISU") officers B. Duran, A. Franco, and R. Salgado; officers T. Des Laurier, L. Hernandez, Martinez, and J. Parks; doctor Micheal Yeh; or nurse Bivans.  The complaint does not reference defendants Allen, Carrillo, Duran, Franco, Salgado, Des Laurier, Hernandez, Martinez, or Parks, or make any allegations regarding these defendants.  While the complaint references defendants Yeh and Bivans, it does not allege that either of these defendants violated Plaintiff's constitutional rights.

Second, the complaint does not identify what rights secured by the federal Constitution or federal laws were violated.  The Court construes the complaint liberally and infers that Plaintiff's claim that he was sexually abused and sexually harassed indicates that he wishes to bring an Eighth Amendment claim for sexual abuse or sexual harassment; and infers that Plaintiff's claim that his requests to see a doctor were denied indicates that he wishes to bring an Eighth Amendment deliberate indifference to serious medical need claim.

Third, the complaint fails to state an Eighth Amendment claim for sexual abuse against defendant Gullien.  A prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment or sexual abuse if the alleged sexual harassment or sexual abuse was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner.  *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted).  When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated, *see Hudson*, 503 U.S. at 9, and no lasting physical injury is required to state a cause of action, *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000).  Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause

United States District Court
Northern District of California

physical and psychological harm.  *See Jordan v. Gardner*, 986 F.2d 1521, 1525–31 (9th Cir. 1993) (en banc).  "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner."  *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).  Even liberally construed, the allegations that defendant Gullien pushed a broomstick between Plaintiff's buttocks does not state a claim for sexual harassment because there is no indication that defendant Gullien did so to sodomize Plaintiff, or for defendant Gullien's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning Plaintiff.  According to the complaint, the brief action happened during a chaotic attempt to subdue Plaintiff after Plaintiff grabbed defendant Gullien, refused to let go of defendant Gullien, and then fell onto the floor with defendant Sampaolo when he eventually let go of defendant Gullien.  But because it is possible that Plaintiff may be able to allege additional facts regarding this interaction that would state an Eighth Amendment claim against defendant Gullien for sexual abuse or harassment, the Court grants Plaintiff leave to file an amended complaint.

Fourth, the complaint fails to state an Eighth Amendment claim for sexual abuse or sexual harassment against defendant Sampolo.  Defendant Sampolo did not touch Plaintiff in a sexual manner.  There is also no allegation that defendant Sampolo was aware of, or believed that, defendant Gullien was touching Plaintiff in a sexual manner and allowed the sexual touching.

Fifth, the complaint fails to state an Eighth Amendment claim against defendant Howie for deliberate indifference to Plaintiff's serious medical needs.  Plaintiff alleges that defendant Howie denied his request to see a doctor.  However, Plaintiff does not allege any injuries or concerns arising from the July 28, 2022 incident that required medical attention, and Plaintiff acknowledges being seen by a nurse.  It is unclear why Plaintiff required attention from a doctor that day.

The complaint is DISMISSED for failure to state a claim.  The Court GRANTS Plaintiff leave to file an amended complaint to correct the above deficiencies.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not

possibly be cured by allegation of other facts).  In the amended complaint, Plaintiff should briefly describe each wrongful act, including when it occurred, what happened (or did not happen), and which defendant was involved; and should identify what federal law or federal constitutional provision the action or inaction violated.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.      The Court VACATES the May 25, 2023 Order denying Plaintiff leave to proceed *in forma pauperis*, ECF No. 9; VACATES the August 2, 2023 Order Denying Request for Reconsideration of Denial of In Forma Pauperis Status; Dismissing Action for Failure to Pay Filing Fee in Full, ECF No. 15; and VACATES the August 2, 2023 judgment, ECF No. 16.

2.      The Clerk is directed to REOPEN this action.

3.      Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies.  The amended complaint must include the caption and civil case number used in this order, Case No. 23-00966 JST (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  October 22, 2024



JON S. TIGAR
United States District Judge