UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>  Plaintiff,<br><br>  v.<br><br>T. ALLEN, et al.,<br><br>  Defendants. | Case No. 23-cv-00966-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate housed at Kern Valley State Prison, has filed this *pro se* civil rights action, regarding events at Salinas Valley State Prison where he was previously housed. His first amended complaint (ECF No. 22) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B.     First Amended Complaint (ECF No. 22)**

The first amended complaint names as defendants the following Salinas Valley State Prison ("SVSP") correctional officials: Warden T. Allen; doctor Micheal Yeh; nurse Patrick Gullien; custody officer Sampolo; nurse Bivans; and psychiatric doctor Howie. These individuals were also named in the initial complaint. *See* ECF No. 22 (first amended complaint); ECF No. 1.

The first amended complaint makes the following factual allegations, most of which were also made in the initial complaint. Due to a prostate condition for which he takes medication, Plaintiff urinates on himself, which causes a rash between his legs. On July 28, 2022, Plaintiff was called to D-Facility Clinic for medical issues arising from his rash. Plaintiff told defendant nurse Bivans that he had seen defendant doctor Yeh on July 27, 2022, concerning this rash. Defendant Bivans did not believe Plaintiff. While defendant Bivans was checking to see if Plaintiff had been seen by defendant Yeh the day prior, defendant nurse Gullien came through the door with an ink pen. Plaintiff knows defendant Gullien from the world outside prison. Plaintiff and Gullien went to the same high school. Plaintiff sold marijuana to defendant Gullien's mother, which defendant Gullien did not like. Defendant Gullien has "been out to get [Plaintiff] ever since." In order to protect himself from defendant Gullien, Plaintiff threw a footrest at defendant Gullien. Plaintiff then grabbed defendant Gullien and they "both went out the door." Plaintiff cannot walk without assistance, so he grabbed defendant officer Sampolo in the vest area to "hold on." Plaintiff pushed forward and defendant Sampolo went backwards. This caused both Plaintiff and defendant Sampolo to fall to the ground. Defendant Gullien grabbed a broom handle and started to stick the handle between Plaintiff's buttocks. *See generally* ECF No. 22.

The first amended complaint does not allege any legal causes of actions, does not reference any federal constitutional provision or federal law, and does not allege any violation of Plaintiff's

1  rights under either the federal constitution or federal law. *See generally* ECF No. 22.

2  **C.    Dismissal with Prejudice**

The Court DISMISSES the first amended complaint for failure to state a claim. The allegations in the first amended complaint were made in the initial complaint and dismissed for failure to state a claim in the order screening the initial complaint. The first amended initial complaint fails to remedy the deficiencies in the initial complaint.

Similar to the initial complaint, the first amended complaint does not allege that any of the named defendants violated Plaintiff's rights under the federal Constitution or federal law. The first amended complaint makes no factual allegations regarding defendant Allen. Both the initial complaint and the amended complaint allege that defendant Gullien stuck a broom handle between Plaintiff's buttocks. In the order screening the initial complaint, the Court stated that this allegation failed to state an Eighth Amendment claim for sexual abuse or harassment against defendant Guillen for the following reason:

> [T]he complaint fails to state an Eighth Amendment claim for sexual abuse against defendant Gullien. A prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment or sexual abuse if the alleged sexual harassment or sexual abuse was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated, *see Hudson*, 503 U.S. at 9, and no lasting physical injury is required to state a cause of action, *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. *See Jordan v. Gardner*, 986 F.2d 1521, 1525–31 (9th Cir. 1993) (en banc). "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). Even liberally construed, the allegations that defendant Gullien pushed a broomstick between Plaintiff's buttocks does not state a claim for sexual harassment because there is no indication that defendant Gullien did so to sodomize Plaintiff, or for defendant Gullien's own sexual gratification, or for the purpose of humiliating, degrading, or

> demeaning Plaintiff. According to the complaint, the brief action happened during a chaotic attempt to subdue Plaintiff after Plaintiff grabbed defendant Gullien, refused to let go of defendant Gullien, and then fell onto the floor with defendant Sampaolo when he eventually let go of defendant Gullien. But because it is possible that Plaintiff may be able to allege additional facts regarding this interaction that would state an Eighth Amendment claim against defendant Gullien for sexual abuse or harassment, the Court grants Plaintiff leave to file an amended complaint.

ECF No. 18 at 5-6. Like the initial complaint, the first amended complaint describes defendant Guillen's actions as taking place during a chaotic attempt to subdue Plaintiff. It cannot be reasonably inferred from the first amended complaint's allegations that defendant Guillen touched Plaintiff in a sexual manner or otherwise engaged in sexual conduct for the purpose of humiliating, degrading, or demanding Plaintiff, as is required to state a cognizable Eighth Amendment claim. Plaintiff has previously been granted leave to amend this claim and has been unable to correct the identified deficiencies. The Court therefore DISMISSES this potential Eighth Amendment sexual abuse/harassment claim with prejudice. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

The Court DISMISSES this action in its entirety for failure to state a claim. The first amended complaint makes no factual allegations regarding defendant Allen; does not allege that any named defendants violated Plaintiff's rights under either the federal constitution or federal law; and, to the extent that it seeks to bring an Eighth Amendment sexual abuse/harassment claim against defendant Guillen, the claim fails as a matter of law. The Court has previously identified these deficiencies, and granted Plaintiff leave to amend to correct these deficiencies. Plaintiff's first amended complaint fails to correct these deficiencies. The dismissal of this action for failure to state a claim counts as a strike within the meaning of 28 U.S.C. § 1915(g).

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES this action with prejudice.  Judgment is entered in favor of Defendants and against Plaintiff.  The Clerk shall terminate all pending motions as moot and close the file.

**IT IS SO ORDERED.**

Dated:  July 7, 2025



_____
JON S. TIGAR
United States District Judge